## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**LAKANDRA MONCURE**                                                                            **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO.** 3:21-cv-560-KHJ-MTP

**WHOLE FOODS MARKET GROUP, INC;**
**XYZ CORPORATION 1-10 and**
**JOHN DOES 1-10**                                                     **DEFENDANTS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Whole Foods Market Group, Inc. ("WFM") files this Notice of Removal of the civil action styled *Lakandra Moncure v. Whole Foods Market Group, Inc., XYZ Corp. 1-10 and John does 1-10*, Civil Action No.: 21-442 from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division. In support of this Notice, WFM states the following:

1. Plaintiffs filed this lawsuit on July 13, 2021, alleging that she experienced (among other things) "serious bodily injuries and substantial money damages" when shelving at the WFM store allegedly collapsed onto her ankle.

2. WFM was served with a copy of the Complaint and Summons on July 29, 2021. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division because that is the district in which the state court action was filed, and it also the venue where the store in question is located. *See* 28 U.S.C. §§ 1446(a), 104(b)(1).

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon WFM are attached as composite Exhibit "A."

5. WFM is also attaching the entire state court record as Exhibit "B". WFM will file a copy of the entire state court record within 14 days of the filing of this Notice.

6. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between Plaintiff and WFM.

7. The amount in controversy requirement is met because it is apparent that Plaintiff seeks damages in excess of $75,000.00. The amount is established by several points.

8. First, Plaintiff made two pre-suit demands, both of which exceeded $75,000. The first was for $250,000, and the second was for $90,000. The Court may properly consider these demands so long as they reasonably reflect the damages that Plaintiff intends to seek. *Love v. Chester's Diesel, LLC*, No. 416CV00179DMBJMV, 2017 WL 1274174, at *4 (N.D. Miss. Apr. 5, 2017) ("Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000. However, it can be inferred from several Fifth Circuit cases that such a practice is only permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.") (internal cites and marks omitted); *see also AutomatedPower, Inc. v. Lighting & Power Sols., Inc.,* No. 3:19CV48TSL-RHW, 2019 WL 11670784, at *2–4 (S.D. Miss. Mar. 19, 2019)("The notion that pre–suit demand letters which demand more than $75,000 can establish that the plaintiff is seeking more than $75,000 is hardly controversial.")(internal marks and cites omitted).

9. Second, and relatedly, Plaintiff claims that she incurred approximately $41,000 in medical bills secondary to the incident, and also sustained non-economic injury in the form of

mental distress. In this respect, "awards of thirty, forty, fifty, or even one hundred times the actual damages shown have been affirmed on appeal, due to the uncertainty of the monetary value placed on pain and suffering and future damages." *Love*, 2017 WL 1274174, at *4 (cites and marks omitted). Accordingly, in *Love*, the Court noted that because plaintiff had "more than twenty thousand dollars in medical expenses, the demand letters, which are based in part on a claim for pain and suffering, represent honest assessments of the value of the plaintiffs' claims and, therefore, serve as relevant evidence of the amount in controversy." *Id.* Here, Plaintiff's medical bills that she attributes to the incident are twice that amount.

10.     Third, Plaintiffs seeks four broad categories of damages: "(a) past, present and future medical expenses; (b) past, present and future physical pain and suffering; (c) past, present and future mental and emotional distress; and (d) past, present and future inconvenience and discomfort." These allegations further show that the amount at issue is satisfied. *See Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding $75,000 amount in controversy requirement "facially apparent" from original petition that "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"). Plaintiffs' claimed damages are similar to those at issue in *Gebbia*.

11.     Fourth, while Plaintiff does not expressly state that she is seeking punitive damages, she does seek attorney's fees. If she truly seeks attorney's fees, she must necessarily be seeking punitive damages; absent a governing statute or contract, a court may not award fees unless a plaintiff recovers punitive damages. *Fulton v. Mississippi Farm Bureau Cas. Ins. Co.*, 105 So. 3d 284, 287–88 (Miss. 2012).

12.     Diversity of citizenship exists because Plaintiff is alleged to be a citizen of Mississippi, and WFM is incorporated under the laws of the State of Delaware with a principal place of business in the State of Texas.

13.     For these reasons, this Court has diversity jurisdiction under 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

THIS the 30th day of August, 2021.

Respectfully submitted,

WHOLE FOODS MARKET GROUP, INC.

By Its Attorneys,
BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, PC

By: /s/ *D. Sterling Kidd*
   D. STERLING KIDD

OF COUNSEL:

Sterling Kidd (MSB No. 103670)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
MAILING:  Post Office Box 14167
Jackson, Mississippi  39236-4167
PHYSICAL:  One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211-6391
*Telephone*: (601) 351-2400
*Telecopier*: (601) 351-2424
skidd@bakerdonelson.com