IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI

**FILED**
JUL 19 2021
ZACK WALLACE, CIRCUIT CLERK
BY _____D[illegible]_____ D.C.

LAKANDRA MONCURE                                                PLAINTIFF

VS                                    CIVIL ACTION NO. 21-442

WHOLE FOODS MARKET GROUP, INC;                   DEFENDANTS
XYZ CORP 1-10 and JOHN DOES 1-10

## COMPLAINT

### Jury Trial Demanded

COMES NOW the Plaintiff, Lakandra Moncure, and in support of this her Complaint for damages against the Defendants, respectfully alleges the following:

### PARTIES

1. Plaintiff is an adult resident citizen of Terry, Mississippi.

2. Defendant WHOLE FOODS MARKET GROUP, INC., (hereinafter "Defendant") is a Delaware corporation with its principal place of business in Texas. It may be served with process by its registered agent for service of process, CT Corporation System, 645 Lakeland Drive East, STE 101, Flowood, Mississippi.

3. XYZ Corporations 1-10 (Defendants) and John Does 1-10 (Defendants) are fictitious and unknown parties who may be responsible parties whose negligent acts caused or contributed to the Plaintiff's injuries. The identity of this party or the identities of these parties are unknown at this time and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiff may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiff has sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

EXHIBIT A

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties.

5. This Court has subject matter jurisdiction of this cause pursuant to Article VI, § 156 of the Mississippi Constitution of 1890.

6. Venue is proper in the First Judicial District of the Circuit Court of Hinds County, Mississippi, pursuant to Miss. Code Ann. § 11-11-3, as same is where the cause of action sued upon occurred or accrued and is where at least one of the named Defendants may be located.

## STATEMENT OF FACTS

7. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

8. On February 10, 2021, the Plaintiff, while an invitee on the business premises of the Whole Foods in Jackson, MS, sustained bodily injuries as a result of shelves which were a part of a merchandise display/fixture falling onto the Plaintiff.

9. The shelves as displayed and maintained by Defendant, constituted a hazardous condition on the premises that caused the Plaintiff's injuries.

10. As a proximate cause of the aforementioned incident, Plaintiff sustained bodily injuries and damages.

## CAUSES OF ACTION

### PREMISES LIABILITY AND NEGLIGENCE

11. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

12. The aforementioned occurrence and the resulting injuries and damages were directly and proximately caused by or contributed to by the negligence of the Defendant(s), including, but not necessarily limited to, direct acts of negligence committed by Defendant(s)' employees which include all allegations hereafter, and in their failure to exercise a proper degree of care in the following respects, to-wit:

EXHIBIT A

(a) By carelessly and/or negligently failing to exercise reasonable care to properly maintain the premises in a reasonably safe condition;

(b) By failing to take sufficient and adequate remedial action to eliminate the hazardous condition despite having actual and/or constructive knowledge of the hazardous condition prior to Plaintiff's incident;

(c) By failing to adequately inspect and maintain the premises;

(d) By negligently creating the hazardous condition;

(e) By failing to warn of the hazardous condition;

(f) By other acts of negligence which will be shown at the trial of this cause.

## NEGLIGENT TRAINING AND SUPERVISION

13. Defendant(s), by and through its acts of negligence and/or the negligence of its employees, contractors or agents for which they are vicariously liable and for which their employees, agents and contractors are individually liable, created the hazardous condition by failing to exercise the reasonable care required to create a reasonably safe premises and failed to maintain the premises in a reasonably safe condition. Specifically, the Defendants, by their failure to implement safety policies and procedures and by individual acts of negligence on the part of their managerial staff, negligently permitted the hazardous condition to remain on the premises by the failure to train, monitor, and supervise its personnel to maintain the premises in a reasonably safe condition.

## DAMAGES

14. Defendant's breach of these duties was a proximate and contributing cause and/or concurrent cause of the incident and the resulting injuries to the Plaintiff.

15. As a further direct and proximate cause of Defendant's disregard for Plaintiff's safety and well-being and other negligent acts, Plaintiff suffered serious bodily injuries and incurred substantial monetary damages. These damages include, but are not limited to the following:

(a) past, present and future medical expenses;

(b) past, present and future physical pain and suffering;

(c) past, present and future mental and emotional distress;

(d) past, present and future inconvenience and discomfort;

(e) any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant for actual, compensatory damages, non-pecuniary damages, attorney's fees and costs.

Respectfully submitted, this the 13 day of July, 2021.

LAKANDRA MONCURE, PLAINTIFF

By: /s/Shanda M. Yates
SHANDA M. YATES

OF COUNSEL:

Shanda M. Yates (MSB No. 102687)
BURNS & ASSOCIATES, PLLC
P.O. Box 16409
Jackson, MS 39236
Phone: 601-487-6997
Fax: 601-487-6958
syates@burnsandassociateslaw.com

EXHIBIT A